**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States,<br><br>            Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>            Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

      Defendant Loren McReynolds asks the Court to release him from custody and postpone his criminal trial for one year. Doc. 24. For reasons set forth below, the Court will deny the motion.

      Defendant was sentenced to 46 months in custody on one count, in a previous iteration of this case. *See* CR-18-8052-PCT-DGC, Doc. 117.[1] At his sentencing on October 1, 2019, Defendant stated his desire for a speedy trial on the remaining counts. The Court accordingly scheduled the trial for November 4, 2019. CR-18-8052-PCT-DGC, Doc. 114.

      A change of plea hearing subsequently was requested, and the Court scheduled it for October 15, 2019. CR-18-8052-PCT-DGC, Doc. 126. At the hearing, Defendant stated that he did not approve of the very favorable plea negotiated by his counsel, and he declined

---

[1] Citations to documents in this case will be to "Doc. ___." Citations to documents in the previous iteration of this case will be to CR-18-8052-PCT-DGC, Doc. ___."

to change his plea. He again stated that he wanted to go to trial promptly on the remaining counts. The government requested a postponement of the November 4 trial date due to time lost in plea negotiations, but Defendant stated his strong view that he wanted to proceed to trial as scheduled. After considering the matter, the Court confirmed the November 4, 2019 trial date. *See* CR-18-8052-PCT-DGC, Doc. 130.

This case was assigned a new case number when a superseding indictment was issued with modest revisions to the original charges, and the parties agreed that the new case should remain on track for a November 4, 2019 trial. *See* CR-18-8052-PCT-DGC, Doc. 136. At the final pretrial conference on October 31, 2019, defense counsel requested a continuance due to his inability to subpoena a key defense witness. *See* Doc. 17. Defendant opposed the continuance, stating that he wanted to proceed to trial as scheduled on November 4, 2019. To accommodate defense counsel's need to subpoena the witness and Defendant's desire for a speedy trial, the Court continued to the trial to December 9, 2019, with Defendant's consent, even though this required the Court to move two firm civil trials from early December to next year. *See CWT v. Danzik*, CV-16-607-DGC, Docs. 197, 201; *Satanic Temple v. Scottsdale*, CV-18-621-DGC, Doc. 68.

At the hearings on October 1, 15, and 31, Defendant was alert and attentive, sitting upright at counsel table and fully involved in the hearings. When he spoke, as he did at all three hearings, he spoke with a strong voice, showing no sign of distress or weakness. Defendant now suggests that he has medical conditions that cause him discomfort and "make court appearances burdensome." Doc. 24 at 2. He seeks a one-year postponement of trial and release from custody so he can be transferred to the Bureau of Prisons ("BOP") and receive different medical care. The Court will deny the motion for several reasons.

First, this Court and two magistrate judges have repeatedly concluded that Defendant should remain in custody until the conclusion of this case. *See* CR-18-8052-PCT-DGC Docs. 16, 31, 55. Defendant does not provide a basis for reconsidering those decisions.

Second, Defendant has never mentioned his medical conditions in two previous detention hearings and two detention-related briefs, *see* CR-18-8052-PCT-DGC, Docs. 29, 45, 49, 52, or in any of his court appearances, where he has always appeared healthy and vigorous. Defendant provides no statement from a medical professional confirming his conditions.

Third, Defendant suggests that if he is released from custody he will be transferred to the BOP where he will receive better medical care. But Defendant has made no showing that his medical care would be meaningfully better at a BOP facility, or that his current care is inadequate. And he has not shown that he would be designated to a BOP facility if his motion were granted. That is a matter left to the discretion of BOP, and there is no reason to think BOP would designate him to a new facility while he is pending trial in this case, only to transport him back to his current facility for trial in 2020.

**IT IS ORDERED** that Defendant's motion for pretrial release and to continue trial (Doc. 24) is **denied**. Trial will proceed as scheduled on December 9, 2019.

Dated this 18th day of November, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge