**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>          Defendant. | No. CR19-8245-01-PCT-DGC<br><br>**ORDER** |

Defendant Loren Joel McReynolds has filed a motion under Federal Rule of Criminal Procedure 14 to sever Counts 2, 3, and 4 for trial. Doc. 26. The government has responded (Doc. 27), and Defendant has not filed a reply.

Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "The granting or denial of a severance trial under [Rule] 14 is a matter within the trial court's discretion." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980). Defendant correctly notes that the test is whether joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kinslow*, 860 F.2d 963, 966-67 (9th Cir. 1988).

Defendant argues that photographs of a dead burro to be admitted in support of Count 2 will prejudice his defense to Count 5 (illegal shooting of a deer) and Count 6 (illegal taking of antlers). As the government notes, however, the jury will see similar photographs in support of Count 5, showing Defendant posing with a dead deer after he killed it. The Court cannot conclude that additional photos of the burro would be manifestly prejudicial, particularly if the Court instructs the jury carefully. The Court also agrees with the government's assertion that evidence of the burro shooting would likely be admissible under Rule 404(b) even if the charges were severed, to show Defendant's knowledge, intent, and lack of mistake in the poaching the deer and antlers charged in Counts 5 and 6. Severance thus would not eliminate the prejudice Defendant asserts.

Defendant argues that a photograph of him shooting a Remington rifle at a burro in connection with Counts 2-4 will prejudice his defense to Count 1, which charges him with possessing an AR-15 rifle as a convicted felon. The Court again concludes that clear instruction of the jury can eliminate any such prejudice. In addition, possession of the Remington rifle likely would be admissible after severance to show Defendant's knowledge, intent, and lack of mistake in possessing the AR-15. *See United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) (noting a "logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)," citing cases).

Defendant expresses concern about admission of a "gruesome" video related to the burro poaching, but the Court has not concluded that the entire video is admissible. If Defendant believes that portions of the video are inadmissible under Rule 403, he may make that assertion and the Court will rule. The Court notes that it has difficulty seeing why portions of the video showing Defendant cutting an arrowhead out of a burro would be relevant to charges in this case.

Finally, Defendant argues that Counts 2-4 are distinct and separate from the remaining charges in this case. The Court does not agree. The government asserts that

Defendant engaged in a years-long series of events that violated federal game and gun laws as part of his guiding business. Events in Counts 2-4 led to warrants that produced some of the evidence admissible on other counts. The Court concludes that the government should be permitted to present the entire series of events to the jury. If Defendant is concerned about evidence on one count prejudicing his defense on other counts, he may request appropriate jury instructions.

Defendant brings his motion under Rule 14, but the Court notes that the standards of Rule 8 are also relevant. Rule 8 provides for joinder of two or more offenses that (1) are of similar character, (2) based on the same act or transaction, or (3) constitute part of a common scheme or plan. Fed. R. Crim. P. 8(a). Generally, "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981); *see also United States v. Blatchford*, No. CR-16-08085-001-PCT-GMS, 2017 WL 2484182, at *1 (D. Ariz. June 7, 2017). The Court concludes that the counts in this case are similar in character, are alleged to constitute a common plan or scheme, are logically related, and involve overlapping proof.

Defendant has not shown that trial of all counts together, with appropriate jury instructions and Rule 403 rulings, will be so manifestly prejudicial that it outweighs the dominant concern with judicial economy" and the government's interest in presenting the case as charged. *Kinslow*, 860 F.2d at 966-67. Defendant may propose any jury instructions he believes will mitigate prejudice from the trial of all charges.

**IT IS ORDERED** that Defendant's motion for a separate trial on Counts 2-4 (Doc. 26) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 11/13/2019.

Dated this 3rd day of December, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge