**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>　　　　　Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

Defendant Loren Joel McReynolds is now representing himself in this case. After receiving *Faretta* warnings on two occasions and being advised that the Court would not appoint additional attorneys to represent him, Defendant asked to have his most recent counsel removed and to represent himself. The request was granted, and Defendant now represents himself. Doc. 61.

The government has produced voluminous discovery material in electronic format, some of which contains personally identifying information of third parties. The material is subject to a protective order. *See* Doc. 33 in related case CR-18-8052-PCT-DGC. Because Defendant must have access to the discovery material to prepare his defense, the Court required the government to file a memorandum setting forth a proposal on how Defendant could received access to the information. The government has done so. *See* Doc. 66.

To settle on arrangements that will allow Defendant to prepare his defense, the Court will hold a hearing on **March 10, 2020, at 9:00 a.m.** Defendant will be transported to the Court for the hearing. The Marshal's office will arrange to have a knowledgeable representative present at the hearing, and for a knowledgeable representative of Core Civic to be present at the hearing or on the phone. The Court's IT department will have a representative present to discuss the availability of a laptop computer Defendant can use at Core Civic and the technology that would be used to access the discovery material (which may require communication before the hearing between the IT representative and the U.S. Attorney's Office). The Court's staff will contact Attorney Phillip Seplow, who acted as advisory counsel for a previous self-represented defendant in a criminal case before the Court and whose paralegal provided valuable assistance to the defendant in that case in reviewing discovery and obtaining other relevant information. The Court's staff will ask whether Mr. Seplow would be willing to act as advisory counsel if Defendant consents, and whether his paralegal could be appointed to assist Defendant even if Defendant does not consent to advisory counsel. The Court's CJA Administrator, Kerry Reynolds, will also be present at the hearing.

The purpose of the hearing will be to address the following issues:

- Is Mr. Seplow and/or his paralegal willing to assist Defendant?
- If they are, will Defendant McReynolds agree to have Mr. Seplow act as advisory counsel and his paralegal provide assistance, or at least to have his paralegal provide assistance?
- Can the Court's IT department provide Defendant with a laptop computer that has no internet or wireless communication ability, but that could be used to review the electronic discovery produced in this case?
- What kind of software would be needed to review the discovery, and is Defendant sufficiently proficient in computer use to access and review the material using that software?

- What arrangements can be made at Core Civic for Defendant to review material on the laptop, on a regular basis, to prepare his defense, with or without the assistance of Mr. Seplow's paralegal?
- Core Civic has indicated to Court staff that any electronic material to be provided Defendant must be on a flash drive and have an index that shows what is contained on the flash drive, and that Core Civic will review the flash drive to ensure it contains no additional information. The U.S. Attorney's Office will need to provide the discovery material in this format. Core Civic has indicated that it will retain custody and control of the computer and flash drive and will provide them to Defendant to review as needed for preparation of his defense.
- The U.S. Attorney's Office has proposed revisions to the protective order to accommodate Defendant's review of the discovery material. Doc. 66-1. A copy of the government's proposed amended protective order is attached. The Court will ask Defendant at the hearing for his response to the proposed amended protective order.
- Those attending the March 10 hearing are encouraged to consider other steps that can be taken to assist Defendant in preparing his defense and in meeting the current July trial date.

Dated this 2nd day of March, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge