**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>            Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

Defendant Loren Joel McReynolds is in federal custody in Florence, Arizona, serving a sentence in a predecessor case (No. CR-18-08052) and awaiting trial in this matter. Defendant is now representing himself, having dismissed several previous attorneys. He has filed two *pro se* motions to dismiss and an additional supplement. Docs. 62, 63, 82. The motions are fully briefed. Docs. 70, 71, 75, 77, 84. For reasons stated below, the Court will deny the motions.

**I.    Background.**

Defendant is charged with eight offenses: possession of a firearm and ammunition while a convicted felon (Count 1); killing or harassing wild burros (Counts 2 and 3); providing guiding, outfitting, and hunting services in violation of federal law (Count 4); taking and transporting a mule deer from Grand Canyon National Park (Count 5); taking and transporting elk antlers from Grand Canyon National Park (Count 6); and structuring financial transactions at a financial institution to evade reporting requirements (Counts 7

and 8). Doc. 1 at 2-4.  Counts 4, 5, and 6 allege violations of the Lacey Act, which makes it unlawful for any person "to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law."  16 U.S.C. § 3372 *et seq.*[1]

The Court previously denied Defendant's motion for a detention hearing and release.  Doc. 80.  Defendant now moves to dismiss the indictment, alleging violations of the Fourth, Fifth, Sixth, and Eighth Amendments, and moves to dismiss Counts 2, 3, 4, 5, 6, and 8 based on insufficient evidence.  Docs. 62, 63.

## II. Motion to Dismiss Indictment (Doc. 62).

### A. Fourth Amendment.

Defendant alleges a Fourth Amendment violation related to his alleged possession of an unlawful sheep skull collected from the Lake Mead National Recreation Area. Docs. 62 at 1, 77 at 1.  Defendant appears to argue that the government unlawfully seized evidence not included in a federal search warrant and violated the Fourth Amendment by not pursuing a charge for unlawfully collecting the sheep skull.  Doc. 77 at 1.

On September 7, 2017, Law enforcement officers simultaneously executed federal and state search warrants at Defendant's residence.  Doc. 70 at 2.  Although the federal warrant focused on the sheep skull, a Coconino County warrant authorized law enforcement officers to seize evidence of other wildlife offenses.  *Id.*  Pursuant to the Coconino County warrant, law enforcement officers seized evidence related to firearms and ammunition (Count 1), photos and videos relating to the killing of protected wild burros (Counts 2 and 3), and a mount of the Grand Canyon deer (Count 5).  *Id.*

---

[1] Defendant pled guilty in the predecessor case to one count of possessing a firearm or ammunition as a convicted felon.  With Defendant's consent, the remaining charges from the prior case were carried forward into the current indictment.  *See* Doc. 28. Defendant was sentenced in October 2019 to 46 months in prison.  *See* Docs. 89, 117 (No. CR-18-08052).  Defendant is serving that sentence and has appealed.  Doc. 115 (No. CR-18-08052).

Defendant seems to argue that the government's decision not to charge him for unlawfully collecting the sheep skull renders the search for the sheep skull invalid under the Fourth Amendment.  To the extent Defendant contends that the search for the sheep skull was unlawful because federal agents knew that no crime had been committed, the remedy would be to suppress evidence from the search and dismiss the charge based on it.  But because that charge does not presently exist, there is no evidence to be suppressed.

Defendant does not otherwise contend that the state warrant was invalid or that law enforcement exceeded its scope.  The Court will deny the motion as it relates to the Fourth Amendment.

### B.     Fifth Amendment.

Defendant argues that the government has violated the Fifth Amendment because he has been "prohibited from adequately, diligently, and thoroughly reviewing . . . the discovery" in this case.  Doc. 62 at 2.  Defendant contends that the vast amount of discovery was disclosed with "restrictions attached to it" in violation of his due process rights. Doc. 77 at 2.

Defendant has been represented by six different attorneys in this case and the predecessor case which contained most of the charges in this action (No. CR 18-08052). He does not contend that the government failed to comply with its discovery obligations or impaired the ability of his counsel to review discovery.  Indeed, Defendant was ready to go to trial in November and December of last year, but trial was postponed when one of his witnesses became unavailable and then again when he was quarantined for mumps exposure.  After receiving *Faretta* warnings on two occasions and being advised that the Court would not appoint additional attorneys to represent him, Defendant was permitted to represent himself when he rejected the assistance of his last lawyer.  The request was granted on February 19, 2020.  Doc. 61.

The Court has since taken substantial steps to ensure Defendant has direct access to discovery and the time and materials needed to prepare his defense. On March 10, 2020, the Court appointed CJA attorney Philip Seplow as advisory counsel and Martin Klass as

a paralegal to ensure Defendant has direct access to discovery and a resource should he need assistance conducting legal research or otherwise preparing for trial. Doc. 73. The Court's technology department has provided Defendant with a laptop with the digital discovery loaded on external hard drives. The laptop has been sent to Defendant's detention facility, CoreCivic, so Defendant can have access to discovery. *See* Doc. 73. CoreCivic has agreed to make the laptop and hard drives available to Defendant on a daily basis so he can prepare for trial. *Id.* The Court specifically ordered CoreCivic to provide Defendant access to the laptop and hard drives for 40-50 hours a week, with additional time if possible. Doc. 85 at 1. Defendant has also been provided with three-ring binders containing the government's and defense counsel's trial exhibits. The Court has ensured that Defendant has pens, post-it notes, and highlighters, and CoreCivic has assured the Court that Defendant would have access to print documents as needed for filings or trial relating to this case. Doc. 85 at 1, 86 at 1.

"A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citation omitted). Defendant has access to a laptop computer and binders with all discovery, and to Mr. Seplow and Mr. Klass to assist him. His due process rights have not been violated.

### C.     Sixth Amendment.

Defendant contends that he has been denied adequate counsel and a speedy trial in violation the Sixth Amendment. Docs. 62 at 3, 77 at 1-2. Defendant appears to allege collusion between the government and his former attorneys to prolong his case, and argues that the vast discovery "in and of itself thoroughly violates [the Sixth Amendment]."

Defendant has received numerous trial continuances in the present case and the predecessor case, all at his request or the request of his counsel. *See* Docs. 21, 58; *see also* Docs. 23, 37, 44, 48, 58, 67, 71, 81, 86 (No. CR-18-08052). Defendant suggests that he did not approve the continuances, but he does not dispute that they were respected by his duly appointed counsel. The government has requested – and was denied – a continuance

- 4 -

only once on October 15, 2019, after Defendant abruptly rejected a plea agreement. *See* Docs. 128-30 (No. CR-18-08052). The time allotted under the Speedy Trial Act has not run, and Defendant's right to a speedy trial has not been violated.

Defendant's complaints about inadequate representation are likewise unpersuasive. He has rejected the assistance of many experienced members of the Court's CJA panel and has chosen to represent himself, as is his right under *Faretta v. California*, 422 U.S. 806 (1975). Defendant's right to adequate counsel has not been violated.

**D.   Eighth Amendment.**

Defendant alleges a violation of the Eighth Amendment because he has been deprived of urgent medical assistance and a fair trial. Doc. 62 at 4. The Court has already addressed this argument in its previous order:

> Although Defendant contends that he is suffering from a serious medical condition and risks paralysis, be provides no medical records – from his current facility or from prior medical treatment – to support these assertions. . . . The Court cannot accept Defendant's assertion of his severe medical condition without any substantiation, and cannot accept his assertion that he lacks the means to obtain medical records.

Doc. 80 at 2. Defendant again presents no medical records to support his assertion of an urgent medical need. Nor does he provide facts or legal authority suggesting that the government has violated his Eight Amendment rights.

The Court has also addressed Defendants argument that he was denied bail based on fictitious allegations made by the government. Doc. 80 at 1-2. Defendant does not identify the purported fictitious allegations. Defendant's pretrial custody has been litigated on several occasions in the predecessor case, and in each instance he was ordered detained pending trial. *See* Docs. 10, 14, 30 (No. 18-CR-08052).

Defendant asserts that transportation from CoreCivic to the courthouse for hearings violates the Eighth Amendment. He bases this assertion on the very early hour at which he is awakened on hearing days, the crowded conditions in which he is held before transport to the court and while waiting for his hearing, and the restraints he is required to wear

during transport and while in court. Doc. 62 at 4. The Eighth Amendment protects against conditions of confinement that "involve the wanton and unnecessary infliction of pain[.]" *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Among 'unnecessary and wanton' inflictions of pain are those that are totally without penological justification." *Id.* (quotation marks and citation omitted). Although Defendant describes conditions of transportation that are undoubtedly uncomfortable and fatiguing, he does not show that they amount to a wanton and unnecessary infliction of pain or that they lack penological justification. As a result, he has not shown an Eighth Amendment violation.

**III.     Motion to Dismiss Counts 2 through 6 and Count 8 (Doc. 63).**

    **A.     Counts 2, 3, 4, 6, and 8.**

Defendant moves to dismiss Counts 2, 3, 4, 6, and 8 based on insufficient evidence. Doc. 63. Regarding Counts 2 and 3, he appears to argue that he is not guilty because the animals at issue were not "wild burros" as defined in 16 U.S.C. § 1338(a)(3). *Id.*; Doc. 75 at 1. Defendant contends that the events "took place on private property" and the animals involved were not actually harassed. Doc. 63 at 1. Defendant has submitted a photograph that "features domesticated donkeys exiting private property onto USFS public land." Doc. 82 at 2, 7.

This is a factual dispute that must be resolved by a trial. There is no procedure for pretrial summary judgment under the Federal Rules of Criminal Procedure. Because Defendant's arguments raise "factual questions associated with the validity of the defense, [the Court] cannot make those determinations." *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). A jury must resolve them.

Defendant makes three arguments regarding Count 4.

First, he contends that the hunt at issue was conducted legally because "no wildlife were hunted/pursued on US Forest Service governed public lands." Doc. 63 at 2, 75 at 1, 82 at 1-2. This, too, is a factual matter reserved for trial. *See Schafer*, 625 F.3d at 635.

Second, Defendant argues that the Lacey Act requires an actual taking of wildlife. Doc. 82 at 1-2. While this may be true, Defendant is charged with *attempting* to receive wildlife, which is criminalized by the Lacey Act. *See* 16 U.S.C. § 3372(a)(4); Doc. 1 at 2.

Third, Defendant contends that the sale of wildlife alleged in Count 4 must pertain to wildlife and not to guiding, outfitting, or other services. Doc. 82 at 2. This is contradicted by the statute: "It is deemed to be a sale of fish or wildlife in violation of this chapter for a person for money or other consideration to offer or provide . . . *guiding, outfitting, or other services*." 16 U.S.C. § 3372(c)(1)(A) (emphasis added).

In his challenge to Count 6, Defendant appears to argue that the government cannot prove that the elk antlers were originally inside Grand Canyon National Park, that he took the antlers, or that he sold them. Doc. 63 at 3-4, 75 at 1. Again, Defendant invites the Court to "invade the province of the ultimate finder of fact." *Schafer*, 625 F.3d at 635 (citation omitted). This factual issue must be resolved at trial.

Defendant also argues that the Lacey Act does not govern the "substances of wildlife such as shed or cast antlers" and that "shed antlers are, in fact, not included in 36 C.F.R. § 2.1(a)(1)(i)." Doc. 82 at 4. Both of these arguments are incorrect. The Lacey act provides the following definition:

> The term "fish or wildlife" means any wild animal, whether alive or dead, including without limitation any wild mammal, bird, reptile, amphibian, fish, mollusk, crustacean, arthropod, coelenterate, or other invertebrate, whether or not bred, hatched, or born in captivity, and *includes any part, product, egg, or offspring thereof.*

16 U.S.C. § 3371(a) (emphasis added).

Antlers fall within the Act's reference to "part" or "product" of the wild animal. *See, e.g.*, *United States v. Butler*, No. 10-10089-01-WEB, 2011 WL 2516921, at *1 (D. Kan. June 23, 2011) (defendant charged with a Lacey Act violation for transporting unlawfully obtained antlers from Kansas to Texas); *United States v. Anderson*, 60 F. App'x 761, 763 (10th Cir. 2003) (defendant charged with a Lacey Act violation for transporting

unlawfully obtained antlers from Colorado to Wyoming). Similarly, 36 C.F.R. § 2.1 makes unlawful the "possessing, destroying, injuring, defacing, removing, digging, or disturbing from its natural state . . . [l]iving or dead wildlife or fish, *or the parts or products thereof, such as antlers* or nests." § 2.1(a)(1)(i) (emphasis added).

In his challenge to Count 8, Defendant again appears to challenge the sufficiency of the evidence the government can present. Docs. 63 at 5, 75 at 1 ("Factual basis does not constitute allegation."). Such a challenge is reserved for trial. *Schafer*, 625 F.3d at 635.

The Court will deny Defendant's motion to dismiss Counts 2, 3, 4, 6, and 8.

## B.     Count 5.

Defendant contends Count 5 was brought in violation of the applicable statute of limitations. Doc. 63 at 2. Citing 18 U.S.C. § 3288, he argues that because the predecessor case (No. CR-18-08052) included this charge as a felony, it is time-barred as a misdemeanor in the current indictment. *Id.* at 3; *see* Doc. 1 at 3.

The relevant provision on which Defendant relies states the following:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

18 U.S.C. § 3288.

Defendant presents, and the Court has found, no authority to support his assertion that the government may not bring a misdemeanor charge in a subsequent indictment as it did here. Nor does § 3288 support such a conclusion. "[O]nce an indictment is returned the statute of limitations is tolled as to the charges contained in the indictment." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 778 (9th Cir. 1986) (citation omitted). Section 3288 provides six months within which another indictment may be filed if the

indictment is dismissed. Defendant does not dispute that the indictment in the current case was filed within this six-month window.[2]

The government notes, correctly, that a subsequent indictment need not be identical to the first to fall within the protection of § 3288. As the Ninth Circuit has explained: "We think the underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment within the next term, if the earlier indictment runs into legal pitfalls." *Mende v. United States*, 282 F.2d 881, 883-84 (9th Cir. 1960). Thus, where "essentially the same facts were used to charge almost identical offenses," § 3288 permits the new indictment. *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976); *see also United States v. Marifat*, No. CR 2:17-0189 WBS, 2018 WL 1806690, at *2 (E.D. Cal. Apr. 17, 2018). The factual allegations in Count 5 of the current case are substantially similar to the factual allegations in Count 11 of the predecessor case, and the misdemeanor charged in this case is a lesser included offense of the felony charged in the previous case. As a result, § 3288 applies and precludes Defendant's statute of limitations argument. *See Sears*, 785 F.2d at 778-79.

What is more, on October 21, 2019, the Court discussed with Defendant and his counsel the procedural issues associated with the new indictment that became this case. Defendant's counsel agreed that there would be no objection to the new indictment in a new case on speedy trial or statute of limitation grounds. Doc. 136 (No. CR-18-08052). Defendant thereby waived any statute of limitations objection to the current Count 5.

///

///

///

///

---

[2] Indeed, it was filed before the previous indictment was dismissed. The original indictment was dismissed by this Court on October 31, 2019 after the indictment in this case was returned on October 23, 2019. The new indictment was given a new case number for various procedural reasons. *See* Doc. 28 ("This case was assigned a new case number when a superseding indictment was issued with modest revisions to the original charges[.]").

**IT IS ORDERED:**

1. Defendant's motion to dismiss the indictment (Doc. 62) is **denied**.

2. Defendant's motion to dismiss Counts 2, 3, 4, 5, 6, and 8 (Doc. 63) is **denied**.

Dated this 20th day of May, 2020.

David G. Campbell
Senior United States District Judge