**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>　　　　　Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

A jury trial for this case is scheduled to start on July 7, 2020.  But as the Court has watched the recent rise in COVID-19 infections in Arizona, the Court has concluded, reluctantly, that the trial should again be postponed.  According to data from the Arizona Department of Health Services ("ADHS"), infections rates in Arizona before May 25, 2020 experienced a high of 563 new cases per day.  *See* https://www.azdhs.gov/preparedness/epidemiology-disease-control/infectious-disease-epidemiology/covid19/dashboards.php (last visited June 16, 2020).  As of June 9, 2020 – the last day for which complete data are available – the daily new infection rate had increased to 1,680 cases.  *Id.*[1]

With infection rates rising significantly, the Court concludes that a jury trial would jeopardize public health and safety.  Sixty prospective jurors would be required to travel

---

[1] The ADHS Data Dashboard states that infections in the last 4-7 days may not have been reported yet.  *Id.*  Thus, the last date on which complete data are available is June 9, 2020.

from Northern Arizona to the federal courthouse in Phoenix.  They would not only be travelling from a heavily infected part of the state, but they would be required to visit public places along the way, gather together in the federal courthouse for most of a day, and likely stay overnight in a hotel and eat at restaurants.  The 14 or 15 jurors chosen to serve would be required to gather daily in the courthouse with the parties, lawyers, witnesses, security, and court staff, and would be required to live in hotels and eat at restaurants for more than a week.  Jury service would significantly increase their chances of exposure to the illness.  And because Northern Arizona is experiencing some of the highest infection rates in the State, jurors would face the very real prospect of being infected by fellow jurors.

The Court concludes that it would be difficult to seat a representative jury in these conditions.  Many prospective jurors likely would not attend trial out of concern for their health.  And the high infection rates would make it difficult for jurors and witnesses to focus solely on the evidence without distractions caused by health concerns and possible sources of infection.

The Court therefore will cancel the trial now set for July 7, 2020, and the final pretrial conference set for July 1, 2020.  Trial will be scheduled for **September 8, 2020**, but the Court will hold a telephone conference with the parties on **July 1, 2020, at 3:00 p.m.** to discuss a feasible trial date.  Defendant may participate by video conference or phone.  The parties should be prepared to discuss the availability of their witnesses for trial in August, September, and October 2020.

The Court finds that the ends of justice served by the delay between now and September 8, 2020 outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  This finding is based on the fact that increasing infection rates from the current pandemic would seriously impair the Court's ability to seat a fair and representative jury and to conduct a fair trial, and therefore would result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).  The Court also finds that the ends of justice require not only a fair trial, but also a safe trial for the jury, the parties, the witnesses,

security personnel, and the Court's staff, and that these interests – given the current pandemic – outweigh the best interests of the public and Defendant in a speedy trial.

Dated this 16th day of June, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge