**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>    Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

Self-represented Defendant Loren Joel McReynolds has filed a motion for release from custody. Doc. 114. The Court held a video hearing on this and other motions, with Defendant's consent, on September 23, 2020. The Court will deny the motion.

Defendant pled guilty in the predecessor case to possession of a firearm or ammunition by a convicted felon, and was sentenced in October 2019 to 46 months in prison. *See* CR-18-08052-001-PCT-DGC, Docs. 114, 117. Defendant currently is serving that sentence, and has appealed. *See id.*, Docs. 115, 116.

Release pending appeal may be granted only where the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served

plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). Defendant's motion does not address these factors, and he has not shown that his appeal is likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a shorter sentence. For this reason alone his motion for release from custody must be denied.

Even if Defendant was not subject to detention for his 46-month sentence, he has not shown that he should be released from pretrial custody in this case. As the government notes, Defendant's pretrial custody has been litigated at least six times in this and the predecessor case (a case that contained most of the charges in this matter), and in each instance he has been detained. *See* Docs. 22, 28, 80, and CR-18-08052-PCT-DGC Docs. 16, 31, 55 (previous case detention orders).

Defendant contends that he is suffering from serious medical conditions. He contends that he has abscesses on each side of his mouth that have threatened his health since May 2019, and for which he has not received adequate treatment. Doc. 114 at 1-2. He provides medical records to support this contention. *See* Motion Ex. 3 at 12-16.[1] The dental records confirm that Defendant has experienced abscesses, but they reflect mild abscesses, with no drainage, that have improved. *Id.* Defendant has made hand-written notations on the records such as "not true," "incorrect," "blatant open abscess," "unbelievable!," "malpractice!," and "attempted cover up." *Id.* (capitalizations omitted). In his reply brief, Defendant agrees that "[t]he provided medical records . . . are in fact incomplete." Doc. 125 at 1. He makes various unsworn assertions about what happened at his medical visits (*id.* at 1-3), but provides no medical evidence to support his assertion that his dental issues present an immediate health threat requiring release. During yesterday's hearing, the Court noted that Defendant appeared healthy and energetic and had no difficulty expressing himself vigorously over the course of two hours.

---

[1] The medical records and other exhibits filed in support of Defendant's motion have not yet been filed with the Court. The Court has directed Defendant's standby counsel to file them, but elects not to await that filing before issuing this order. As a result, this order will cite the exhibits provided in paper copy for the hearing.

Defendant's medical records concerning his cervical spine show that he reported to medical complaining of neck pain and recounted his pre-arrest history of cervical spine treatments.  *See* Motion Ex. 3 at 7-12.  The records show that Defendant expressed concerns about his neck during these appointments, and that x-rays were ordered, but they do not otherwise support his assertion that he faces paralysis unless immediate treatment is provided, as he now asserts.  They too contain handwritten notations where Defendant disagrees with statements in the records.  *Id.* at 8-9.

As noted above, Defendant appeared healthy and energetic at yesterday's hearing.  He sat for two hours before the video camera, expressing his views vigorously, bending down and pulling out exhibits near his feet, and raising his arms while speaking and showing documents to the Court.  Defendant has not provided evidence to support his claim that release is required to avoid imminent serious health problems.

Defendant also claims that the information provided in his motions to suppress and dismiss show that facts relied on in previous detention hearings were the result of serious misconduct by law enforcement officers.  The Court will address those motions after a more thorough review of Defendant's voluminous exhibits, and will revisit this motion if the evidence suggests it should.

**IT IS ORDERED** that Defendant's Motion to Release (Doc. 114) is **denied**.

Dated this 24th day of September, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge