**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>                      Defendant. | No. CR-19-8245-01-PCT-DGC<br><br>**ORDER** |

Defendant Loren McReynolds has elected to represent himself. He did so after terminating the representation of four different appointed attorneys in this case and the predecessor case (CR 18-8052) and after receiving a *Faretta* warning. Doc. 49.[1] Although Defendant initially objected to the appointment of standby counsel (sometimes referred to in the Court's orders as advisory or shadow counsel), he agreed to the appointment of standby counsel Phillip Seplow and standby paralegal Martin Klass. Doc. 73.

Defendant now seeks to terminate the services of his standby counsel and paralegal. Doc. 143 at 3. During a hearing yesterday, Defendant at times confirmed his desire to terminate them and at times was less clear. The Court took this issue under advisement, and now concludes that it will not terminate the services of Mr. Seplow and Mr. Klass.

---

[1] The predecessor case contained essentially the same charges as this case. This case was opened at the request of government counsel, and without objection from the defense, when a superseding indictment was issued.

The Supreme Court has held that a court "may – even over objection by the accused – appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984) (citation omitted).  The Court will continue the appointment of attorney Seplow and paralegal Klass even over Defendant's objections.  They will be available to assist Defendant if and when he seeks their assistance, and to step in and assume the defense if for any reason Defendant's self-representation is terminated.  To guide Defendant and standby counsel, and to establish proper procedures for the remainder of this case and trial, the Court notes the following additional guidance from the Supreme Court.

Defendant "is entitled to preserve actual control over the case he chooses to present to the jury." *Id.* at 178.  "If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance," Defendant's right of self-representation "is eroded."  *Id.* "Participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.*  "The defendant's appearance in the status of one conducting his own defense is important in a criminal trial[.]"  *Id.*[2]

At the same time, "the appearance of a pro se defendant's self-representation will not be unacceptably undermined by counsel's participation outside the presence of the jury." *Id.* at 179.  Defendant's right of self-representation is "adequately vindicated in proceedings outside the presence of the jury if the pro se defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the pro se

---

[2] "As a corollary, however, a defendant who exercises his right to appear pro se cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *McKaskle*, 465 U.S. at 177 n.8 (citation omitted).

defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.*

The Court believes that standby counsel may prove to be a particularly valuable resource for Defendant during trial. As the Supreme Court noted:

> [Self-representation rights] are also not infringed when standby counsel assists the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure. In neither case is there any significant interference with the defendant's actual control over the presentation of his defense. . . .
>
> A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – even over the defendant's objection – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense.

*Id.* at 183.

Dated this 22nd day of October, 2020.

David G. Campbell
Senior United States District Judge